Case: 1:24-cv-03291 Document #: 22 Filed: 12/09/24 Page 1 of 4 PageID #:89

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN M. GUZMAN,<br>Plaintiff<br><br>v.<br><br>LIFE CARE SERVICES LLC and<br>ALGONQUIN OPERATIONS, LLC<br>Defendants | No. 24 CV 3291<br><br>Judge Jeremy C. Daniel |

### ORDER

For the reasons set forth in this Order, Defendants Life Care Services LLC and Algonquin Operations, LLC's motion to dismiss [10] is granted. The complaint is dismissed with prejudice.

### STATEMENT

*Pro se* Plaintiff Justin M. Guzman brings this suit against Defendant Life Care Services Community Employment LLC ("LCE"),[1] alleging retaliation in violation of the Illinois Whistle Blower Act ("IWBA"), 740 ILCS 174/20. (R. 6. ("Am. Compl.") ¶¶ 28–36.)[2] Before the Court is LCE's motion to dismiss Guzman's amended complaint under Federal Rule of Civil Procedure 12(b)(6). (R. 10.)

The complaint asserts that LCE is the third largest operator of senior and assisted living facilities in the United States. (Am. Compl. ¶¶ 6–7.)[3] From August 26, 2020, until his termination on July 14, 2021, Guzman worked for LCE as a utility technician. (*Id.* ¶¶ 18, 22.) He alleges that he reported "sexual orientation, gender, disabilities, and harassment" to LCE and to law enforcement. (*Id.* ¶¶ 19, 21, 22, 25.) LCE told Guzman that there was no evidence to support his claims of mistreatment. (*Id.* ¶ 26.) Guzman's employment was subsequently terminated based on his work performance. (*Id.* ¶ 33.) He asserts that his firing was, in fact, retaliation for

---

[1] The complaint names "Life Care Services LLC" and "Algonquin Operations, LLC" as defendants, but the defendants have informed the Court that they are incorrectly named in the complaint. (R. 10 at 1.) For the purposes of the present motion, the Court adopts the defendants' preferred nomenclature.

[2] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

[3] The following description of the factual allegations underlying Guzman's claims is drawn from the complaint and is presumed true for the purpose of resolving the pending motion. *See Vimich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

"exercising his employment rights under [Title VII] and the [ADA], his participation in EEOC proceedings, and his reports to the law enforcement agency." (*Id.* ¶ 33.)

Guzman has filed multiple lawsuits based on the above factual allegations. First, in March 2022, Guzman filed suit against LCE alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e–2(a) and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(b). *See Guzman v. Clarendale of Algonquin, Life Care Servs. Cmty Emp. LLC*, No. 22-cv-01072 (N.D. Ill.), ("*Guzman I*"), ECF No. 9 at 4. *Guzman I* is currently pending before this Court.

Second, on November 13, 2023, Guzman filed a complaint in Illinois state court claiming (as he does in the present action) that the defendant violated the IWBA ("*Guzman II*"). (Am. Compl. ¶ 11; *see* R. 11 at 3–4.) At a hearing on LCE's motion to dismiss the *Guzman II* complaint for claim splitting, the state court granted Guzman's oral motion for voluntary nonsuit without prejudice. (Am. Compl. ¶ 17.) On April 24, 2024, Guzman filed the present complaint in federal court asserting the same factual allegations contained in *Guzman II*, and added a claim under the IWBA, pursuant to the Court's diversity jurisdiction. (*Compare id.* at ¶¶ 4, 18–27, *with* 11-3 ("State Compl.") at 2–3.)[4] This complaint is the subject of LCE's motion to dismiss. (R. 10.)

To survive a motion to dismiss under Rule 12(b)(6), a complaint only needs to contain factual allegations that, when accepted as true, are sufficient to "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–57 (2007)). Where, as here, the plaintiff is *pro se*, the Court accords a liberal reading of the complaint. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

LCE seeks dismissal based on "the general rule against claim-splitting," *Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1015 (7th Cir. 2014); (R. 11 at 2), a principle derived from the doctrine of *res judicata*. *Carr v. Tillery*, 591 F.3d 909, 914 (7th Cir. 2010). *Res judicata*, also called "claim preclusion," *see McDonald v. Adamson*, 840 F.3d 343, 346 (7th Cir. 2016) (citation omitted), "is an affirmative defense." *Walczak*, 739 F.3d at 1016 n.2. Courts typically refrain from considering affirmative defenses on a Rule 12(b)(6) motion. *Brownmark Films, LLC*, 682 F.3d at 690. However, consideration of LCE's claim-splitting argument is proper at the present stage because "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014) (citing *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

---

[4] Although the *Guzman II* complaint was not attached to Guzman's amended complaint, LCE attached the state complaint to its motion to dismiss. (*See* State Compl.) The Court may consider this document because it is referenced in the complaint, (Am. Compl. ¶¶ 11–17), and is central to his argument that his lawsuits are not duplicative. (*See* R. 17 at 7–8; *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

2

Namely, the complaint sets forth the factual predicates and legal basis for Guzman's claim, which the Court examines to determine whether the "claims, parties, and available relief do not significantly differ between" *Guzman I* and *II*. *Scholz v. United States*, 18 F.4th 941, 951–52 (7th Cir. 2021) (citation omitted).

Turning to that analysis, "[i]t is well established, . . . that a party cannot avoid the effects of *res judicata* by splitting [his] cause of action into separate grounds of recovery and then raising the separate grounds in successive suits. Rather, a party must bring in one action all legal theories arising out of the same transaction or series of transactions." *Kim v. Sara Lee Bakery Grp., Inc.*, 412 F. Supp. 2d 929, 941 (N.D. Ill. 2006) (collecting cases). "Claim preclusion 'blocks a second lawsuit if there is (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action.'" *Id.* (quoting *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015)). "The requirements of claim splitting are not quite as stringent" however, and "do not require claim preclusion's second factor, finality of the judgment." *Id.* Also, "[t]he requirement that the causes of action be the same is satisfied if the claims arise out of the same set of operative facts or the same transaction, regardless of whether different theories of relief are asserted." *Williams v. Bd. of Educ. of City of Chi.*, No. 20 C 73, 2024 WL 1858530, at *4 (N.D. Ill. Apr. 29, 2024) (citing *Scholz*, 18 F.4th at 952; *Walczak*, 739 F.3d at 1016–17). "Where [claim preclusion] applies, it prohibits relitigation not only of claims already decided in a prior proceeding, but also those that could have been litigated in that proceeding based on the same operative facts." *McDonald*, 840 F.3d at 346; *see, e.g.*, *Walczak*, 739 F.3d at 1015 (affirming dismissal based on claim-splitting where "Walczak could have brought her ADEA claim in conjunction with her state-court suit for judicial review of the Board's decision to terminate her employment").

Here, it is evident that claim-splitting has occurred and the present action must be dismissed. For starters, the same parties are sued in all of Guzman's actions. (*Compare Guzman I*, ECF No. 9 at 1, *with* Am. Compl. ¶ 1.) Also, *Guzman II*'s allegations arise from the same events underlying *Guzman I*; as in *Guzman II*, *Guzman I* alleges he was terminated in "retaliation for engaging in protected activity," *i.e.*, Guzman presenting "an internal complaint" to LCE based on "harassment by coworkers." (*Compare Guzman I*, ECF No. 9 at 5, *with* Amend. Compl. ¶¶ 19, 21–22, 25, 33.) These alleged actions occurred during the same time period, *i.e.*, between the beginning of Guzman's employment until his termination in July 2021. (*Compare Guzman I*, ECF No. 9 at 5, *with* Amend. Compl. ¶¶ 18, 22.) The only difference between *Guzman I* and *II* is the legal theories asserted—*Guzman I* seeks relief under Title VII and the ADA—whereas *Guzman II* is filed under the IWBA. But "[Guzman] cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory." *Carr*, 591 F.3d at 913; *Scholz*, 18 F.4th at 952.

Further, Guzman makes no argument that the exception to claim splitting, "where claim preclusion would be inequitable" because the defendant "acquiesce[d] to claim-

3

splitting," applies. *Walczak*, 739 F.3d at 1015; *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court."). Even so, there is no basis for such a finding. LCE has not stayed quiet about its defense; rather, it has raised the claim splitting issue before the state court and before this Court. (*See* R. 11 at 3–4); *see, e.g.*, *Walczak*, 739 F.3d at 1015, 1020 (concluding that "the Board did nothing to signal acquiescence to Walczak's claim-splitting" because "the Board raised its preclusion defense as soon as Walczak brought her ADEA claim in the second suit").

LCE's motion to dismiss Guzman's amended complaint is, therefore, granted. Because amendment would be futile and unduly prejudicial to LCE, who has now defended against three lawsuits arising from the same factual allegations, the complaint is dismissed with prejudice. *Lee v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1052–53 (7th Cir. 2019) (providing that leave to amend need not be granted "if the court finds 'undue prejudice to the opposing party, by virtue of allowance of the amendment, futility of the amendment, etc.'") (citation omitted).

Date: December 9, 2024

                                                  JEREMY C. DANIEL
                                                  United States District Judge